**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                                **CRIMINAL ACTION**

**VERSUS**                                                        **No. 03-0235**

**KEITH SMITH**                                                   **SECTION: I**


## ORDER AND REASONS

Before the Court is the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by defendant, Keith Smith ("Smith"). For the following reasons, defendant's motion is **DENIED**.

## BACKGROUND

On September 17, 2003, Smith pled guilty to an indictment, charging Smith with two counts of distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) 841(b)(1)(A).[1] At the re-arraignment hearing, the government introduced into evidence a factual basis, signed by Smith, stating that he sold a total of 314 grams of cocaine base to confidential sources on November 8, 2002 and April 2, 2003.[2]

Prior to entering his guilty plea, Smith executed a plea agreement with the government whereby he agreed to plead guilty

---

[1] Rec. Doc. No. 15.

[2] The factual basis stated that Smith sold 94 net grams to a confidential source and a special agent for the United States Drug Enforcement Agency ("DEA") on November 8, 2002 and that he sold an additional 220 net grams to the confidential source on April 2, 2003. Rec. Doc. No. 16.

1

to the two-count indictment and the government agreed not to bring any additional charges stemming from the facts contained in the indictment.[3] The government further agreed not to seek an enhancement under 21 U.S.C. § 851.[4] Additionally, Smith agreed to waive his right to appeal his sentence as set forth in the plea agreement:

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court.[5]

On June 30, 2004, the Court sentenced Smith to 262 months imprisonment as to each count, to be served concurrently.[6] On July 6, 2004, the Court conducted a hearing, initiated *sua sponte*, to determine whether the Court should re-sentence Smith in light of the United States Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d.

---

[3] Rec. Doc. No. 17.

[4] *Id.*

[5] *Id.*

[6] Rec. Doc. No. 41.

2

403.[7] At the hearing, the Government stipulated that it would not oppose Smith's direct appeal of his sentence on *Blakely* grounds only.[8]

On July 16, 2004, Smith appealed to the United States Court of Appeals for the Fifth Circuit.[9] Smith argued that the Court improperly engaged in judicial fact-finding in determining his sentence pursuant to the United States Sentencing Guidelines.[10] The Fifth Circuit remanded the matter to this Court for re-sentencing because the sentencing transcript was not available and the government failed to submit evidence that the alleged sentencing error was harmless.[11]

Pursuant to the Fifth Circuit's mandate, the Court held a re-sentencing hearing on September 14, 2006.[12] Prior to the hearing, the Court confirmed that Smith's only objection to the pre-sentence investigation report ("PSI") was the inclusion of drug quantities not contained in the factual basis for purposes of determining a sentencing guideline.[13] At the re-sentencing

---

[7] Rec. Doc. No. 42; Rec. Doc. No. 51.

[8] Rec. Doc. No. 51 ("[T]he government's position only in this case would be that although the defendant did sign a plea agreement which waived his rights to appeal, we would not argue that he was barred from raising strictly the Blakely issue on direct appeal.")

[9] Rec Doc. No. 47.

[10] Rec. Doc. No. 59.

[11] Rec. Doc. No. 59.

[12] Rec. Doc. No. 66, 72, 81.

[13] Rec. Doc. No. 66.

hearing, the government introduced into evidence the tapes and transcripts of intercepted telephone calls as well as the testimony of DEA Special Agent William Johnson concerning the wiretap evidence and the debriefing of Smith and another defendant, Brhian Thomas ("Thomas").[14] Based on the wiretap evidence, the Thomas interview, and the indictment, the Court found by a preponderance of the evidence that the relevant conduct as set forth in the PSI involved well over 1.5 kilograms of cocaine base.[15] The Court then re-sentenced Smith to 262 months' imprisonment.[16]

Smith appealed the sentence in September, 2006.[17] Smith argued that the Court improperly relied on information that was protected by his plea agreement with the government when it calculated his guideline range.[18] The government argued that Smith's appeal was barred by the appeal waiver in his plea agreement.[19] The Fifth Circuit did not consider Smith's waiver because the government failed to provide the necessary transcript to allow the Fifth Circuit to assess the voluntariness of his

---

[14] Rec. Doc. No. 87.

[15] *Id.* at p. 73.

[16] *Id.* at p. 82; Rec. Doc. No. 82. Smith's guideline range was 262 months to 327 months. Rec. Doc. No. 87, p. 76.

[17] Rec. Doc. No. 83.

[18] Rec. Doc. No. 92.

[19] *Id.*

waiver.[20] Nonetheless, the Fifth Circuit affirmed Smith's sentence, holding that he did not show that the Court erred in finding that the government had established that the evidence used to calculate Smith's offense level was obtained from legitimate, independent sources.[21]

On May 9, 2008, Smith filed a motion to modify his sentence in accordance with the retroactive sentencing guidelines applicable to cocaine base.[22] On August 25, 2008, this Court re-sentenced Smith to 236 months' imprisonment.[23]

Smith filed the instant motion on November 19, 2008, arguing that his conviction and sentence should be vacated pursuant to 28 U.S.C. § 2255 because he received ineffective assistance of counsel during the sentencing hearing.[24] Specifically, Smith contends that his conviction should be vacated because, during the sentencing hearing, counsel (1) failed to object to the entire offense conduct portion of the relevant conduct; (2) failed to object to information based on statements of John Scott ("Scott") and Brandon Thomas;[25] (3) failed to perfect or preserve

---

[20] *Id.*

[21] Rec. Doc. No. 92.

[22] Rec. Doc. No. 96.

[23] Rec. Doc. No. 98.

[24] Rec. Doc. No. 99.

[25] Smith argues that "information obtained from government witnesses Scott and Thomas is unreliable and improperly implicates the defendant." Rec. Doc. No. 99. The Court notes that Smith incorrectly identified Brhian Thomas as Brandon Thomas.

5

the issue for appeal; and (4) failed to properly investigate the case.[26] Smith also claims that the Court erred in basing his sentence upon unreliable relevant conduct not proven by a preponderance of the evidence. He contends that the government's only evidence with respect to the amount of drugs attributed to him consisted of statements made by Scott and Thomas, both of whom cooperated with the government.

## **LAW AND ANALYSIS**

**I. Overview of § 2255**

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255 (a) (2008); *see Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 470, 7L. Ed. 2d 417 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462

---

[26] Specifically, Smith alleges that his counsel "failed to properly investigate the case which would have revealed that Scott and Thomas were government witnesses seeking sentence reductions and were unreliable sources because the amount of drugs attributed to him are outrageously large on cooperating witness statements nor proven beyond a reasonable doubt." Rec. Doc. No. 99.

6

(5th Cir. 1999). "[A] proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction..." *United States v. Hayman*, 342 U.S. 205, 222-23, 72 S. Ct. 263, 274, 96 L. Ed. 232 (1952). The inquiry does not extend to the misapplication of sentencing guidelines. *See Williamson*, 183 F.3d at 462.

"The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) (citing *Andrews v. United States,* 373 U.S. 334, 339, 83 S. Ct. 1236, 1238, 10 L. Ed. 2d 383 (1963)). Pursuant to § 2255, the Court must grant defendant a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). If the court determines that the prisoner is entitled to relief "[it] shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**II. Standard of Law**

The standard for judging the performance of counsel was established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674

(1984).  In *Strickland*, the Court articulated a two-part test for evaluating ineffective assistance claims that requires a defendant to prove (1) deficient performance and (2) resulting prejudice.  *Id.* at 692-93.  The Court first held that "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 687-88.  Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694; *see also United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).  In deciding ineffective assistance of counsel claims, the court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. *See Kimler*, 167 F.3d at 893.

A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.' But it is not enough, under *Strickland* 'that the errors had some conceivable effect on the outcome of the proceeding.'" *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 693).

In *Hill v. Lockhart*, the United States Supreme Court held that the two-part *Strickland* standard was applicable to challenges to guilty pleas based on ineffective assistance of counsel.  474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203

(1985). With respect to the prejudice prong of *Strickland*, defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (quoting *Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370).

**III. Waiver of § 2255 Rights**

As part of his plea agreement, Smith waived his right to contest his conviction and sentence, pursuant to 28 U.S.C. § 2255, "in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255."[27] Smith reserved the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum and any sentence to the extent that it constitutes an upward departure from the guidelines.[28]

The Fifth Circuit has held that a defendant may waive his right to post-conviction relief pursuant to 28 U.S.C. § 2255 if the waiver was knowing and voluntary. *United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002)(citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)); *see also United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000).

A claim for ineffective assistance of counsel may survive a

---

[27] Rec. Doc. No. 17.

[28] Rec. Doc. No. 17.

waiver "when the claimed assistance directly affected the validity of that waiver or the plea itself." *White,* 307 F.3d at 342.[29] A claim of ineffective assistance of counsel at any other stage, such as sentencing, cannot overcome a knowing and voluntary plea or waiver. *Id.* at 341-43; *United States v. McCray*, No. 07-194, 2009 WL 1380304, at *4 (E.D. La. May 13, 2009)(Barbier, J.); *United States v. James*, No. 05-059, 2007 WL 2323385, at *6 (E.D. La. Aug. 10, 2007)(Vance, J.)("If a petitioner cannot establish that ineffective assistance of counsel rendered his plea unknowing or involuntary, then his waiver bars him from challenging other stages of the proceedings against him."). Therefore, as long as the plea and the waiver themselves were knowing and voluntary and the contested issue is the proper subject of waiver, "the guilty plea sustains the conviction and sentence and the waiver can be enforced." *White,* 307 F.3d at 343-44.

For the waiver to be knowing and voluntary, the defendant must know that he had a right to seek collateral review and that he was giving up that right. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994)(discussing waiver of appellate rights). For a guilty plea "[t]o be knowing and intelligent

---

[29] Additionally, a waiver cannot be enforced to bar review of a sentence that exceeds the statutory maximum or where the defendant correctly contends that the indictment clearly does not state an offense or where the factual basis for the plea agreement does not show that the defendant committed the offense. *White*, 307 F.3d at 341, n.2; *United States v. Hollins*, 97 Fed. App'x 477, 479 (5th Cir. 2004).

the defendant must have 'a full understanding of what the plea connotes and of its consequences.'" *Hernandez*, 234 F.3d at 255. "The defendant need only understand the direct consequences of the plea; he need not be made aware [of] every consequence that, absent a plea of guilty, would not otherwise occur." *Id.; see also United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)("Due process requires that a guilty plea be a knowing and voluntary act; the defendant must be advised of and understand the consequences of the plea."). With respect to sentencing, a defendant must only know the maximum term of imprisonment and fine that he faces. *Pearson*, 910 F.2d at 223. "'As long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences.'" *Id.* (quoting *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)).

The record is clear that Smith knowingly and voluntarily agreed to waive his right to contest his sentence in a § 2255 post-conviction proceeding such as this. Smith signed a written plea agreement, acknowledging his agreement "not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255."[30] The agreement set forth the limited grounds on

---

[30] Rec. Doc. No. 17, p. 2.

which Smith reserved his rights to review.[31] Moreover, at Smith's re-arraignment hearing, Smith confirmed to the Court that he understood that he was waiving all of his rights to appeal his sentence and all of his rights for post-conviction remedies except his right to appeal "any punishment imposed in excess of the statutory maximum and any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing Court."[32] The Court further advised Smith that he could challenge his sentence if he was able to show that ineffective assistance of counsel directly affected the validity of his plea or wavier.[33]

The record likewise demonstrates the validity of Smith's guilty plea. Smith signed the June 13, 2003 plea agreement, which acknowledged that:

> defendant understands that the maximum
> penalty defendant may receive should his plea
> of guilty to Counts 1 and 2 be accepted is up
> to life imprisonment with a minimum term of
> imprisonment of 10 years and a fine not to
> exceed the greater of that authorized in
> accordance with the provisions of Title 18 or
> $4,000,000.00 as to each count.[34]

---

[31] *Id.*

[32] Rec. Doc. No. 110, pp. 14-15, 17.

[33] *Id.* at p. 15. The parties addressed the waiver again at the July 6, 2004 re-sentencing hearing when the government agreed not to enforce his waiver in a limited respect. The government agreed not to argue that Smith "was barred from raising strictly the <u>Blakely</u> issue on direct appeal." Rec. Doc. No. 51, p. 3. The government did not, however, agree not to enforce the waiver of Smith § 2255 rights.

[34] Rec. Doc. No. 17, p.1.

Prior to accepting Smith's guilty plea, the Court also confirmed that Smith fully understood the consequences of his guilty plea.[35] The Court advised Smith of the maximum sentence and the mandatory minimum sentence that he faced and Smith confirmed his understanding of the possible sentences.[36] The Court also ensured that Smith was pleading guilty of his own free will and not due to any threats or promises made by anyone.[37]

In light of Smith's knowing and voluntary waiver, the claims that he asserts in this § 2255 motion are barred. Although Smith alleges ineffective assistance of counsel, none of his claims relate directly to the validity of his guilty plea or the waiver itself. Instead, his claims. i.e, that his counsel failed to object to the entire relevant conduct portion of the PSI, failed

---

[35] Rec. Doc. No.110, pp. 11-13.

[36] The Court confirmed Smith's understanding of the potential penalties as follows:
> THE COURT: With respect to the violation of Title 21, U.S. Code, Sections 841(a)(1) and 841(b)(1)(A), charged in Counts 1 and 2 of the indictment: The maximum possible sentence which could be imposed on you in the event of conviction, either upon a plea of guilty or after a trial at which you are found guilty as to each count is a mandatory minimum of ten years imprisonment, up to a maximum sentence of life imprisonment.
> ...
> Do you fully understand that if I accept your plea of guilty, that I could impose the maximum possible sentence as I have just related to you?
>
> THE DEFENDANT: Yes, sir.
>
> *Id.* at pp. 8-10.

[37] *Id.* at p. 13.

to object to information obtained through statements of Scott and Thomas, failed to preserve the issue for appeal, and failed to discover that Scott and Thomas were seeking sentence reductions, all relate to sentencing. Indeed, Smith specifically contends in his memorandum that these alleged deficiencies occurred "during the sentencing hearing."[38] Accordingly, Smith's claims do not survive his waiver of the right to contest his sentence in post-conviction proceedings.[39]

For the foregoing reasons,

**IT IS ORDERED** that the motion to vacate sentence and conviction pursuant to 28 U.S.C. § 2255 filed by defendant, Keith Smith, is **DENIED** and that Smith's petition for post-conviction relief is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, September ___25th___, 2009

---

[38] Rec. Doc. No. 99.
Smith's claim that the Court based his sentence on unreliable relevant conduct is also barred by his waiver and by his prior appeal. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *see also United States v. Greer*, 600 F.2d 468, 469 (5th Cir. 1979).

[39] Notwithstanding the waiver, Smith cannot establish ineffective assistance of counsel under *Strickland*. Prior to Smith's re-sentencing, his counsel submitted memoranda regarding the Court's consideration of any relevant conduct in the PSI to which Smith had not agreed in his signed factual basis. Counsel also objected to the Court's consideration of any information obtained through Smith's cooperation agreement, including statements made by Thomas during his de-briefing.
As discussed above, the Court re-sentenced Smith after finding by a preponderance of the evidence offered at the hearing, including wiretap evidence and the testimony of a DEA agent, that Smith was responsible for more than 1.5 kilograms of cocaine base. Smith's counsel filed an appeal and the Fifth Circuit affirmed Smith's sentence, rejecting his argument that this Court improperly relied on information obtained in violation of an immunity agreement as opposed to independent, legitimate sources.

_____
                                       **LANCE M. AFRICK**
                                  **UNITED STATES DISTRICT JUDGE**